406 F.2d 744
 James A. GAINEY and J. L. Young, individually and on behalf of others similarly affected, Appellants,
v.
The BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES and the Pennsylvania Railroad Company.
 No. 17120.
 United States Court of Appeals Third Circuit.
 Argued October 8, 1968.
 Decided November 27, 1968.
 Rehearing Denied December 27, 1968.
 
 Lawrence J. Richette, Philadelphia, Pa., for appellants.
 Joseph Neff Ewing, Jr., Saul, Ewing, Remick & Saul, Allen S. Olmsted, II, Philadelphia, Pa., for appellee.
 Before McLAUGHLIN, STALEY and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the District Court for the Eastern District of Pennsylvania denying post trial motions by plaintiffs-appellants, former employees of The Pennsylvania Railroad Company. Appellants brought this action in the district court pursuant to the Railway Labor Act, 44 Stat. 577, as amended, 45 U.S.C. § 151 et seq., against The Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees (hereinafter "Brotherhood").[1] They sought certain injunctive and declaratory relief as well as damages for breach of the duty of fair representation.
 
 
 2
 The district court found, inter alia, that the Brotherhood did not act in bad faith and was not guilty of "hostile discrimination" in failing to obtain Central Region rates of pay for Eastern Region tallymen, or in failing to seek injunctive or other relief provided by the Railway Labor Act under the circumstances of the closing of the Philadelphia Transfer Freight Station. Having found an absence of hostile discrimination in the Brotherhood's dealings with and representation of the appellants, the district court quite properly refused to hold that the Brotherhood breached its duty of fair representation. See Gainey v. Brotherhood of Railway & Steamship Clerks Freight Handlers Exp. & Station Emp., 313 F.2d 318 (C.A. 3, 1963).
 
 
 3
 The central issue on this appeal is whether the district court "clearly erred" in finding an absence of hostile discrimination. As stated by the Supreme Court in United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948):
 
 
 4
 "* * * A finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."
 
 
 5
 See also, Valdesa Compania Naviera, S.A. v. Frota Nacional de Petroleiros, 348 F. 2d 33 (C.A. 3, 1965); Robert H. Fox Co. v. Keystone Driller Co., 232 F.2d 831 (C.A. 3, 1956).
 
 
 6
 We have carefully reviewed the entire record in this case in light of the Gypsum rule, and we are constrained to hold that the district court's finding was not clearly erroneous.[2]
 
 
 7
 Accordingly, the order of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 When appellants initiated this action in February, 1963, they sued the Pennsylvania Railroad Company as well as the Brotherhood. Both defendants subsequently succeeded in obtaining a stay of proceedings until appellants paid the costs of prior proceedings against them. Appellants paid the costs to the Brotherhood, but not to the Railroad, and there have been no further proceedings against the Railroad
 
 
 [2]
 In view of our disposition of this appeal we need not reach either appellant's request for a mandatory injunction or the issue of the applicable statute of limitations (or laches)