**TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO, an unincorporated association, and Transport Workers Union of America, Local No. 514, AFL–CIO, Appellants,**

v.

**AMERICAN AIRLINES, INC., a corporation, Appellee.**

**No. 10119.**

United States Court of Appeals
Tenth Circuit.

June 24, 1969.

---

Maynard I. Ungerman, Tulsa, Okl. (Irvine E. Ungerman, Manuel Grabel, and William Leiter, Tulsa, Okl., with him on the brief) for appellants.

Loyd Benefield, Oklahoma City, Okl., (Boone & Ellison & Smith, Tulsa, Okl., Arthur M. Wisehart and Vance Morgan, New York City, with him on the brief) for appellee.

Before MURRAH, Chief Judge, SETH, Circuit Judge and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

The appellant Unions, plaintiffs below, brought this action against American Airlines seeking injunctive and other relief on the contention that through mass disciplinary actions the Airlines had effectually destroyed the efficacy of the administrative system for the resolution of grievances and thereby violated that provision of the Railway Labor Act which requires carriers to exert all reasonable efforts to settle disputes in order to prevent the interruption of commerce. 45 U.S.C.A. § 152. From an or-

der dismissing the action the appellants have prosecuted this appeal.

In 1936, Congress applied the Railway Labor Act to the air transportation industry. 49 Stat. 1189, 45 U.S.C.A. §§ 181–188. But instead of extending the jurisdiction of the National Railroad Adjustment Board, 45 U.S.C.A. § 153, to include airline disputes, Congress provided for separate boards of adjustment. Until a national board for the airlines industry was established, Congress required the parties to collective bargaining agreements in that industry to form and to utilize system, group or regional boards of adjustment for the purpose of adjusting and deciding disputes between them. 45 U.S.C. §§ 184, 185. *See* International Ass'n of Machinists v. Central Airlines, 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963). Such procedure as thus encouraged and structured became the subject of bargaining for future contracts. Under the Act as amended in 1966, 80 Stat. 208–209, 45 U.S.C.A. § 153 (Supp.1969), the orders of a System Board of Adjustment to which grievances have been submitted under a collective bargaining agreement are explicitly final and binding upon both parties to a dispute and are enforceable in district courts.

■ The intended function of the Systems Board of Adjustment is to resolve minor disputes, *i.e.*, disputes over the interpretation and application of existing contracts, as opposed to major disputes, *i.e.*, those involving a negotiation of contracts or an alteration in them. *See* Machinists v. Central Airlines, *supra*, at 686, 83 S.Ct. 956. Under ordinary circumstances, it is settled that at least in non-discharge cases without the exhaustion of administrative remedies before system boards of adjustment the courts have no jurisdiction to entertain suits for the settlement of "minor disputes" in the airline industry. Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953), in light of *Machinists, supra;* Crusen v. United Airlines, Inc., 239 F.2d 863 (10th Cir. 1956), affirm-

ing 141 F.Supp. 347 (D.Colo.1956); Arnold v. United Airlines, Inc., 296 F.2d 191 (7th Cir.1961); Bower v. Eastern Airlines, 214 F.2d 623 (3d Cir.), cert. denied, 348 U.S. 871, 75 S.Ct. 107, 99 L. Ed. 685 (1954); Dominguez v. National Airlines Inc., 279 F.Supp. 392 (S.D.N. Y.1968). *Cf.* Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Slocum v. Delaware, Lackawanna & Western R.R., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1954); Pennsylvania R.R. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959); Switchmen's Union v. Ogden Union Ry. & Depot Co., 209 F.2d 419 (10th Cir.), cert. denied, 347 U.S. 989, 74 S.Ct. 852, 98 L.Ed. 1123 (1954).

The trial court's somewhat precipitate application of this general rule to plaintiff's complaint confronts us with procedural and record obstacles to affirmance which almost but not quite obscure the essential rightness of the judgment under review.

The complaint asserts jurisdiction under 28 U.S.C.A. §§ 1331, 1332 and 1337, and 29 U.S.C.A. § 185 and, among other things, alleges in substance as follows: Plaintiff acts as bargaining agent and representative for the employees of the defendant. Two contracts are presently in force and effect, one covering the airline mechanic, plant maintenance, fleet service and ground service employees, and the other covering the stock clerks and lead stock clerks employees, both effective September 29, 1966. For a period of time in excess of one year defendant American has misused and arbitrarily refused to comply with the Act and the contracts between the parties, Article 33(a) of which states:

"(a) It is the intent of the parties to this agreement that the procedures set forth herein shall serve as a means of feasible settlement of all disputes that may arise between them  *  *  *"

American has failed to resolve in good faith grievances presented to the company and has forced an excessive number of grievances to be processed through the System General Board of

Adjustment. On or about January 4, 1968, the defendant American issued disciplinary action against more than 3,000 employees at the American Airlines Maintenance Depot in Tulsa, Oklahoma. This disciplinary action was discriminatory, improper and deliberately aimed at rendering the grievance and arbitration procedure a nullity, and was in no way consistent with the improper conduct alleged to have precipitated the disciplinary action. Defendant knew that the System General Board of Adjustment, which processes all grievances to a final conclusion, can only handle approximately 60 cases a year from the maintenance depot in Tulsa. By filing the disciplinary actions in a discriminatory and arbitrary manner, it forced the Union under the Act to file grievances. The company thereby will effectively preclude use of the grievance and arbitration machinery under the Act for a period exceeding six years. The complaint does not set out or further refer to the contract between the parties, but presumably the agreement provides for a resolution of grievances through the System General Board of Adjustment.

Upon the application of the Unions a summons issued forthwith, together with an order to show cause why a preliminary injunction should not be granted. On February 14, 1968, the Airlines filed with its verified answer a motion to dismiss the action. The grounds stated were lack of jurisdiction in that plaintiffs (appellants) had failed to exhaust their administrative remedies and that simultaneously with the filing of the action they had elected to submit their dispute through the established grievance procedures pursuant to Article 29(d) of the Collective Bargaining Agreement between the parties, and that such submission constituted a binding election of remedies. The motion was accompanied by copies of correspondence which allegedly documented the claimed submission of the grievances. It was further asserted as a ground for the motion that the same subject matter involved in plaintiffs' complaint was incorporated in an answer and response filed by the same plaintiffs in the case of American Airlines, Inc., a corporation v. Transport Workers Union of America, et al., case number 67–223 Civil in the United States District Court for the Northern District of Oklahoma, and thus constituted a compulsory counterclaim in that case under Rule 13(a) of the Federal Rules of Civil Procedure.

The meager record of the hearing on this motion is contained in a minute sheet covering proceedings before the court on February 15, 1968.

"February 15, 1968 Case called for hearing on order for defendant to show cause. Plaintiff represented by Maynard I. Ungerman. Defendant represented by Loyd Benefield. Statements made. It is ordered by the court that in regard to this order, court holds that this action pending shall be stayed until plaintiff's counsel has time, within 10 days, to file with permission of the court (Judge Daugherty) a counterclaim incorporating those matters of this action into a companion case with 67–C–223. (Judge Daughterty). The court finds under Rule 13E, 68–C–18 is properly a counterclaim. (Allen E. Barrow-Judge)."

The matter was presented to Judge Daugherty in the Northern District of Oklahoma who held that the Union's claim was not a compulsory counterclaim in the action before him and accordingly denied leave to plead it as such there. American Airlines, Inc. v. Transport Workers Union, 44 F.R.D. 236 (N.D. Okla.1968).

On March 26, 1968, the defendant filed an amended motion to dismiss. The grounds relied upon were precisely the same as stated in the initial motion except the contention that the complaint should have been pleaded as a compulsory counterclaim in the case before Judge Daugherty was eliminated and copies of supporting affidavits of Fred W. Frost, Director of Employee Relations-Ground for American Airlines, Inc., and John G. Deater, Chairman of

the System Board of Adjustment were added. Mr. Frost's affidavit added little to what previously was before the court but did indicate contrary to the plaintiffs' allegations that the company had attempted and was attempting in good faith to amicably settle the difficulties with its employees and that "American Airlines has at all times stood ready to cooperate in expediting to the utmost the disposition of the grievances involved herein." Mr. Deater's affidavit asserted that under the Board's docket of cases the grievances in question could be scheduled for hearing within fifteen days, that it had been the Union's practice to file group grievances, that, in fact, the Union already had filed such a group grievance relating to the disciplinary action in question which could be brought on for hearing before the Board within approximately two weeks, and that he would not expect that the total hearing time would exceed three days at the most.

On April 2, 1968, without any notice or hearing on the amended motion the court below filed the following order:

"The court has for consideration the motion to dismiss and briefs in support thereof filed by the defendant and meaningfully advised in the premises, finds:

"It affirmatively appears from all the pleadings in this case that the plaintiffs have not exhausted their administrative remedies. The court further finds that plaintiffs have already elected the remedy of proceeding before the System Board of Adjustment, which has exclusive and primary jurisdiction of the subject matter. The court, therefore, finds that it lacks the requisite jurisdiction to entertain this action at this time.

"It is therefore ordered that this cause of action be and the same is hereby dismissed."

It is to be noted that the order of dismissal refers to the "Motion to dismiss and briefs in support thereof." Whether the court took into consideration the additional affidavits submitted with the amended motion is not otherwise indicated. It is from the order above quoted that this appeal is taken.

Appellants contend that the court should not have sustained the amended motion to dismiss without a hearing, and that if the ruling were based upon the original motion it should have nonetheless permitted the Unions to further plead. Particularly, it is asserted that "since the motion to dismiss filed by the appellee is not just based upon failure of jurisdiction, but in effect contains allegations of a failure to plead facts sufficient to establish a cause of action", leave to amend should have been granted. It is urged that even though the motions to dismiss were considered as pertaining only to jurisdiction, that question was so commingled with the merits as to commend reservation of the question for the trial. It is further contended that the appellants at least should have been permitted to present counter-affidavits and briefs.

Turning from these procedural matters, the appellants argue in effect that the intentional frustration of the grievance procedure by unjustified mass disciplinary action gave rise to jurisdiction without prior submission of grievances to the System General Board of Adjustment, and that in any event any submission of grievances to the Board would not preclude judicial relief under the allegations of the complaint which indicated that such procedure would be futile and ineffectual.

We believe that it would have been more appropriate on this record in view of the filing of the amended motion with additional supporting affidavits for the trial court to have afforded an opportunity for the parties to be heard. But for reasons hereinafter indicated, we do not believe that the absence of a further hearing constituted prejudicial error.

Section 2 of the Railway Labor Act, 45 U.S.C.A. § 152 provides:

"First. It shall be the duty of all carriers, their officers, agents and em-

ployees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof."

█ The complaint at least suggested an area of judicial concern not precluded jurisdictionally by the doctrine of exhaustion. If, as the complaint concluded, the grievance procedure had been rendered ineffectual and futile by the willful conduct of appellee to this end, the primary jurisdiction of the System General Board of Adjustment would not in and of itself preclude judicial inquiry. Where actually the relief sought is not the circumvention of the Act's provisions for adjustment, but rather the enforcement of those provisions, the issue may be properly one for judicial consideration. International Ass'n of Machinists v. Central Airlines, 372 U.S. 682, 690, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963); Virginian Ry. Co. v. System Federation No. 40, 300 U. S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937); Flight Engineers Int. Ass'n. Eal. Chap. v. Eastern Airlines, Inc., 359 F.2d 303, 309 (2d Cir. 1966); Southern Ry. Co. v. Brotherhood of Locomotive Fire. and Eng., 127 U.S.App.D.C. 371, 384 F.2d 323 (1967). In Glover v. St. Louis-S.F.R. Co., 393 U.S. 324, 89 S. Ct. 548, 21 L.Ed.2d 519 (1969), a suit claiming that union and management had acted in concert to bar Negroes from promotion wholly because of race, the United States Supreme Court held that federal courts had jurisdiction over a dispute between some employees on the one hand and union and management acting in concert on the other. The complaint alleged that plaintiffs had repeatedly attempted to process their grievances through the union and had been wholly refused assistance in so doing. The court said:

"Here the complaint alleges in the clearest possible terms that a formal effort to pursue contractual or administrative remedies would be absolutely futile. Under these circumstances the attempt to exhaust contractual remedies required under Maddox [379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580, *supra*] is easily satisfied by plaintiff's repeated complaints to company and union officials, and no time-consuming formalities should be demanded of them."

█ As we read the cases, however, and in practical logic, limitations must be engrafted upon the exception recognized by *Glover*. While in *Glover* the complaint alleged in detail that appellants had been prevented from even beginning to process their complaints through the grievance procedure, in our case the complaint merely alleged appellants' bald prediction that the grievance proceedings already instituted would be futile. Indeed, it would seem this limitation is implicit in *Glover*: The futility of the contractual or administrative remedy must clearly appear beyond mere conclusionary language in a complaint, for otherwise the doctrine of exhaustion would be dissipated by mere form and the door to the courts could be opened by prediction rather than by jurisdictional fact.

In Vaca v. Sipes, 386 U.S. 171, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967), discussed in *Glover*, the Supreme Court said:

"Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Id.* at 184, 87 S.Ct. at 914.

In Stumo v. United Air Lines, Inc., 382 F.2d 780 (7th Cir.1967), cert. de-

nied, 389 U.S. 1042, 88 S.Ct. 779, 19 L. Ed.2d 830, the court said:

> "* * * no other case so far as we are aware, stands for the proposition that an aggrieved employee may pursue his administrative remedies up to and *including* submission of his grievance to the System Board, abandon it, and resort to court action." [Emphasis in original.]

Jurisdiction would seem to be equally or more negated by the abandonment of any effort to exhaust contractual remedies from the beginning. And the absence of jurisdiction even more clearly appeared from the indications in the first motion that the grievances were being processed in due course.

The trial court here held not only that there was a failure to exhaust administrative remedies, but that plaintiffs had already elected the remedy of proceeding before the System Board of Adjustment. Indeed, it was represented without question at the time of the oral argument before us that this election not only had been made but that grievances were being expeditiously decided by the Board without the frustrating delay apprehended in the complaint. There is point in appellants' argument that on the record before the trial court these latter developments did not appear and, hence, that summary ruling was error. However, we think it sufficiently appeared from the documentation of appellee's original motion to which appellants had full opportunity to, but did not, respond that at least the contractual remedies had not been sufficiently explored to warrant the conclusion in the complaint that they had been rendered futile. Even the face of the complaint hardly indicated a sufficient testing of the contractual remedy to clearly establish jurisdiction. *Compare* Glover v. St. Louis-S.F.R. Co., *supra*. In these circumstances we are persuaded that the dismissal of the action did not involve prejudicial error. Disclosures by counsel at the oral argument before us are reassuring that the interests of justice would not commend any view to the contrary.

Affirmed.