Frank E. BARNETT, Plaintiff-Appellant,

v.

UNITED AIR LINES, INC., and Association of Flight Attendants, Defendants-Appellees.

No. 82–1195.

United States Court of Appeals, Tenth Circuit.

June 21, 1984.

Larry F. Hobbs and William Bethke of Hobbs, Bethke & Associates, Denver, Colo., for plaintiff-appellant.

Robert H. Brown, Chicago, Ill. and Richard O. Campbell, Montgomery, Little, Young, Campbell & McGrew, Denver, Colo., for defendant-appellee, United Air Lines, Inc.

Robert S. Savelson of Cohen, Weiss & Simon, New York City and John A. Criswell of Criswell, Patterson, McNamara, Myles & Bell, Englewood, Colo., for defendants-appellees, Ass'n of Flight Attendants.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

## OPINION ON REHEARING

BARRETT, Circuit Judge.

The court does hereby grant appellant's petition for rehearing, recall the mandate, withdraw the opinion in *Barnett v. United Air Lines, Inc.*, 729 F.2d 693 (10th Cir. 1984), vacate the judgment, and render this Opinion on Rehearing in lieu thereof.

Plaintiff Frank E. Barnett appeals from an order of the district court (1) granting Defendant-Appellee United Airlines, Inc.'s (United) motion to dismiss and (2) granting Defendant-Appellee Association of Flight Attendants' (AFA) motion for summary judgment, on the grounds that Barnett's claims are barred by a Colorado ninety-day statute of limitations. United is an air carrier subject to the provisions of the Railway Labor Act (RLA), 45 U.S.C. §§ 151 *et seq.* (1976).[1] AFA is a labor organization representing flight attendants, such as Barnett, employed by United. In his amended complaint, Barnett alleges that United violated his contractual right under the Collective Bargaining Agreement between United and AFA, and that AFA breached its duty to him of fair representation. Barnett argues that United improperly adjusted his seniority status in violation of the Collective Bargaining Agreement. Further, he claims that AFA "demonstrated bad faith and acted arbitrarily and capriciously by failing to process [his] grievance, by failing to furnish proper representation to [him] at the arbitration hearing, and by failing to advise the arbitrator of their own practice of interpreting the collective bargaining agreement to afford seniority credit for time served in temporary inflight service supervision status." R., Vol. I (Amended Complaint) at 12.

The Collective Bargaining Agreement between United and AFA controls pay rates, rules, and working conditions for United flight attendants. Further, the Agreement established an Arbitration Board (System Board of Adjustment) pursuant to § 204 of the RLA, 45 U.S.C. § 184 (1976). This board is authorized to render final, binding decisions on grievance disputes between United and its employees.

Barnett filed a grievance pursuant to the Agreement based upon his contention that United improperly adjusted his seniority status. The Board denied Barnett's grievance in a decision dated September 7, 1978, a decision of which Barnett was first notified by a letter dated October 13, 1978, which he received "several days later." R., Vol. I (Amended Complaint) at 12. On October 14, 1980, Barnett filed the present action in federal district court where the court dismissed it based on *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The district court found that the applicable statute of limitations was Colo.Rev.Stat. § 13–

---

1. Air carriers, however, are expressly excepted from the application of § 3, 45 U.S.C. § 153. See §§ 201 and 202, 45 U.S.C. §§ 181 (Supp. V 1981) and 182 (1976).

22–214(2) (Supp.1982), which establishes a ninety-day limitation period for an action brought to vacate an arbitration award. The district court found *Mitchell* controlling apparently because Barnett styled his suit in a manner in which he requested the award of the Board to be set aside (*see* R., Vol. I (Amended Complaint) at 13), and a successful suit would have effectively vacated the award. *See* R., Vol. II at 2–4; *United Parcel Service, Inc. v. Mitchell, supra* at 61, 101 S.Ct. at 1563.

The issues on appeal are (1) whether the district court erred in applying the ninety-day Colorado statute of limitations and (2) whether Barnett timely filed this action under the applicable statute. We hold that the district court erred in borrowing the Colorado statute; § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b) (1982) (six months), is the appropriate statute of limitations for this cause. We further hold, however, that Barnett failed to file this action within the requisite six-month limitations period. We will therefore affirm the dismissal of this action.

## I.

### Background

Because the instant case arose under the RLA, a brief explanation of the Act and Barnett's claim will be helpful. By enacting the RLA, Congress intended to provide a separate and distinct statutory scheme for labor disputes arising in two vital national industries, i.e., the rail industry and the air carrier industry. Labor disputes between parties in other industries are governed by the NLRA. Generally, the RLA recognizes two types of disputes: (1) "major" disputes, which relate to the formation of collective bargaining agreements or efforts to secure them; and (2) "minor" disputes, which involve the interpretation of a collective bargaining agreement, the existence of which is not in dispute. *See Elgin, J. & E.R. Co. v. Burley*, 325 U.S. 711, 723, 65 S.Ct. 1282, 1289, 89 L.Ed. 1886 (1945); *Transport Workers Union of America v. American Airlines,*

*Inc.*, 413 F.2d 746, 748 (10th Cir.1969); *De La Rosa Sanchez v. Eastern Airlines, Inc.*, 574 F.2d 29, 31 (1st Cir.1978). 45 U.S.C. § 184 mandates that air carriers and their employees, acting through their representatives, establish system boards of adjustment to resolve the minor disputes. *Machinists v. Central Airlines, Inc.*, 372 U.S. 682, 686, 83 S.Ct. 956, 959, 10 L.Ed.2d 67 (1963); *De La Rosa Sanchez v. Eastern Airlines, supra.* *See also Transport Workers v. American Airlines, supra.* When an aggrieved party appeals an adjustment board decision to federal district court, the findings and order of the board are conclusive against the parties unless (1) the board failed to comply with the requirements of the RLA, (2) the board lacked jurisdiction, or (3) there was fraud or corruption by a, First member of the board. 45 U.S.C. §§ 153(q) and 184 (1976).

It is well established, therefore, that decisions by adjustment boards which merely interpret collective bargaining agreements are conclusive and binding on the parties; no federal or state court has jurisdiction to review such a determination by an adjustment board. *See, e.g., Union Pacific R.R. Co. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978), *reh'g denied*, 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98 (1979); *Air Line Pilots Ass'n v. Northwest Airlines, Inc.*, 627 F.2d 272, 275 (D.C.Cir.1980); *De La Rosa Sanchez v. Eastern Airlines, supra* at 32. Because Barnett claims that United breached the Collective Bargaining Agreement regarding the seniority status provisions, the Board's decision merely involved its own interpretation of the Agreement. This is precisely the type of dispute Congress contemplated to be conclusively resolved in a prompt manner by an adjustment board. *See Union Pacific R.R. Co. v. Sheehan, supra* at 94, 99 S.Ct. at 402; *Brotherhood of Locomotive Fireman & Enginemen v. Central of Georgia Ry. Co.*, 199 F.2d 384, 385 (5th Cir.1952), *cert. denied*, 345 U.S. 908, 73 S.Ct. 648, 97 L.Ed. 1344 (1953). Hence, the district court would have been

without jurisdiction to review that claim standing alone.

However, by styling his suit as a hybrid involving *both* a contract and a fair representation claim, Barnett is potentially able to challenge the propriety of the Board's decision. If an employee can establish that his union breached its implied duty of fair representation, then even a *binding* decision of the board can be set aside if the breach seriously undermined the integrity of the arbitral process. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976); *Del Casal v. Eastern Airlines, Inc.*, 634 F.2d 295, 299 (5th Cir.1981), *cert. denied*, 454 U.S. 892, 102 S.Ct. 386, 70 L.Ed.2d 206 (1981). Thus, if Barnett could show that AFA's alleged breach reached this level, the district court could also entertain jurisdiction on the breach of contract claim.[2] *See Del Casal v. Eastern Airlines, supra* at 298–300.

## II.

### *Statute of Limitations: Applicability of DelCostello v. International Brotherhood of Teamsters*

Inasmuch as we have established that Barnett has a potentially valid claim based on the hybrid nature of his action, we must now determine the appropriate limitations period within which that claim must be brought. In the instant case, there is no express statute of limitations provided in the RLA for suits in the air carrier industry brought by an employee either against his employer for breach of the collective bargaining agreement or against his union for breach of the duty of fair representation. First, it is clear from the discussion above that a sole claim involving an alleged breach of a collective bargaining agreement may not be maintained in federal court. Hence, there is obviously no express limitations period for such a claim. Similarly, Barnett's claim

against AFA is not controlled by an express limitations period. Although it is well established that an action for breach of duty of fair representation between parties subject to the RLA is implied from 45 U.S.C. §§ 151 and 152, *see, e.g., Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967); *Steele v. Louisville & Nashville R.R. Co.*, 323 U.S. 192, 199 and 202–03, 65 S.Ct. 226, 230 and 231–32, 89 L.Ed. 173 (1944), these sections do not provide expressly for a limitations period. Hence, we are required to borrow an appropriate statute of limitations.

During the pendency of this appeal, the Supreme Court decided the case of *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Court in *DelCostello* held that where an employee brought an action under the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151 *et seq.*, against both his employer for breach of the collective bargaining agreement (29 U.S.C. § 185) and his union for breach of the duty of fair representation, the suit was governed by the six-month period of limitations mandated in § 10(b) of the NLRA, 29 U.S.C. § 160(b). Although the instant case does not arise under the NLRA, we nonetheless hold that on the particular facts of this case, where Barnett made claims against his employer and his union similar to those in *DelCostello*, the rationale of *DelCostello* requires the application of the six-month period under § 10(b) of the NLRA to Barnett's cause of action.

The Supreme Court has repeatedly held that when Congress has not expressly provided a statute of limitations governing federal statutory actions, a court must apply the most " 'appropriate state statute of limitations.' " *United Parcel Service, Inc. v. Mitchell, supra* at 60, 101 S.Ct. at 1560 (quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct.

**2.** Of course, just as with the district court, it is not necessary for us to decide the merits of Barnett's claims at this preliminary stage. We discuss this jurisdictional question only for the limited purpose of showing the potential viability of a hybrid claim such as that presented by Barnett.

1716, 1721, 44 L.Ed.2d 295 (1975) and *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966)). This has been the approach followed by some courts when determining a limitations period for a duty of fair representation claim under the RLA. *See Price v. Southern Pacific Transportation Co.*, 586 F.2d 750, 752–53 (9th Cir. 1978); *Brotherhood of Locomotive Firemen and Enginemen v. Mitchell*, 190 F.2d 308, 313 (5th Cir.1951); *Gainey v. Brotherhood of Railway and Steamship Clerks*, 275 F.Supp. 292, 306 (E.D.Pa.1967), *aff'd on other grounds*, 406 F.2d 744 (3d Cir. 1968), *cert. denied*, 394 U.S. 998, 89 S.Ct. 1590, 22 L.Ed.2d 775 (1969). However, based on the Supreme Court's recent directives in *DelCostello* and *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), we decline to borrow an appropriate *state* limitations period in the instant case.

■ In *Occidental*, the Court noted that a state statute of limitations will not be "mechanically applied" merely because the federal statute fails to provide expressly for a limitations period. *Id.* at 367, 97 S.Ct. at 2454. The Court emphasized that " '[a]lthough state law is our primary guide in this area, it is not, to be sure, our exclusive guide.' " *Id.* (quoting *Johnson v. Railway Express Agency, supra* at 465, 95 S.Ct. at 1722). For example, we must not borrow a state limitations period if its application would be inconsistent with federal policy. *Occidental, supra* (citing *Johnson v. Railway Express Agency, supra; Auto Workers v. Hoosier Cardinal Corp., supra* at 701, 86 S.Ct. at 1110; and *Bd. of County Comm'rs v. United States*, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939)). Even when a state statute appears "appropriate," if another relevant *federal* statute exists that clearly reflects the interests Congress intended to protect under the federal statute in question, we

must apply it.[3] *Johnson v. Railway Express Agency, supra* at 462, 95 S.Ct. at 1721.

The Court in *DelCostello* reaffirmed its holding in *Occidental* that a court must borrow express limitations periods from related federal statutes when state statutes may be unsatisfactory for the enforcement of federal law. 103 S.Ct. at 2289. The Court held that the six-month statute of limitations expressly provided for by § 10(b) of the NLRA should apply to a hybrid breach of contract/duty of fair representation claim brought pursuant to that Act; a breach of the implied duty of fair representation is most analogous to an "unfair labor practice," which is actionable before the National Labor Relations Board under § 10 of the NLRA. *Id.* at 2293. The Court reasoned that the § 10(b) limitations period reflects the competing interests at stake in such a hybrid claim brought under the NLRA:

In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system.

*Id.* 103 S.Ct. at 2294 (quoting *United Parcel Service, Inc. v. Mitchell, supra* at 70, 101 S.Ct. at 1568 (Stewart, J., concurring)).

■ We find that the identical competing interests recognized in *DelCostello* are present in the instant action brought under the RLA. Section 10(b) of the NLRA is similarly relevant to a hybrid breach of contract/duty of fair representation claim brought under the RLA; thus, the reasoning and analysis of *DelCostello* control in the instant case. An employee like Barnett, therefore, who files such a hybrid

**3.** In *Mitchell,* the Court declined to consider an argument raised in an *amicus* brief concerning the application of a relevant federal statute of limitations (§ 10(b) of the NLRA) because it was not raised at any stage of the proceedings.

The majority opinion in *Mitchell* dealt only with the limited issue of *which* state limitations period should be borrowed, not the propriety of such borrowing. *See* 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2.

claim under the RLA in federal district court, must do so within the six-month period provided in § 10(b) of the NLRA.[4] *Welyczko v. U.S. Air, Inc.*, 733 F.2d 239 (2d Cir.1984).

## III.

### Timeliness of Filing

 We must next determine whether Barnett filed this action within the time constraints of § 10(b). Because Barnett brought his action essentially to review the propriety of the Board's decision based on the alleged unfair representation by AFA at the hearing, we hold that he was required to file the action within six months of the date the Board rendered its decision. *Cf. Butler v. Local Union 823, Internat'l Brotherhood of Teamsters*, 514 F.2d 442, 449–50 (8th Cir.1975), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). Because the Board rendered its decision on September 7, 1978, Barnett was required to file the instant action by March 7, 1979. Barnett filed the action, however, on October 14, 1980, clearly beyond the six-month limitations period. Thus, the district court properly dismissed Barnett's complaint.

REVERSED in part and AFFIRMED in part.

---

4. In rendering this decision, we express no opinion about the proper limitations period to be applied to other possible "hybrid" claims brought by an employee subject to the RLA. Our decision is limited to the particular context of "hybrid breach of contract/duty of fair representation" claims made by an employee pursuant to the RLA. The reasoning applied by the Court in *DelCostello* regarding the appropriate limitations period to borrow when two independently viable claims are combined might militate against borrowing the § 10(b) period in another type of "hybrid" situation brought under the RLA. *See* 103 S.Ct. at 2292.