Dan CANTRELL and Larry
Holt, Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL 2021, Defendant.

No. CIV–88–1763–T.

United States District Court,
W.D. Oklahoma.

Jan. 3, 1991.

Steven M. Angel, Kline & Kline, Oklahoma City, OK, for plaintiffs.

George J. McCaffrey, McCaffrey & Tawwater, Oklahoma City, OK, for defendant.

## ORDER

RALPH G. THOMPSON, District Judge.

This matter is before the Court for consideration of defendant's motions for summary judgment against both plaintiffs. Plaintiffs filed a single response, and defendant filed a reply. Plaintiffs brought this suit pursuant to 29 U.S.C. § 185, alleging that defendant breached its duty to fairly represent them. In March 1988, plaintiff Cantrell was suspended and plaintiff Holt was first suspended, then discharged. Plaintiffs allege that defendant conspired with their employer, AT & T Technologies, Inc., to create a basis for their discharge. Both plaintiffs filed grievances. Plaintiff Holt alleged that defendant coerced him into accepting an unfavorable settlement, which provided that he would be

rehired without back pay for the period of his suspension. Plaintiff Cantrell alleged that defendant failed to adequately process his grievance and delayed arbitration of his claim. At the time of filing the complaint, Cantrell's grievance had not been arbitrated. Arbitration has now taken place, and Cantrell has received back pay for the period of his suspension.

■ The Court will begin by addressing defendant's Motion for Summary Judgment against plaintiff Holt. Defendant moves for summary judgment against Holt on grounds that the statute of limitations has run. The statute of limitations for unfair representation suits under 29 U.S.C. § 185 is six months. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Plaintiffs first agree that *DelCostello* applies, but then contend that the statute of limitations is two years, because they claim that defendant retaliated against them for their political activity. Plaintiffs cite *Reed v. United Transportation Union,* 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989) as authority for a two-year statute of limitations. *Reed* was a case involving claims under 29 U.S.C. § 411(a)(2) against a union for violating a member's right to free speech. In the case at bar, however, plaintiffs have not made any claims under 411(a)(2). Therefore, *Reed* is inapplicable.

■ Defendant contends that the six-month statute of limitations should begin to run when defendant committed the acts which allegedly constitute unfair representation. Defendant contends that all specific acts of which plaintiffs complain were committed outside the six-month period preceding filing. Defendant contends that the Tenth Circuit has adopted such an accrual test in *Barnett v. United Airlines, Inc.,* 738 F.2d 358, 364 (10th Cir.1984), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984), in which the court followed the Eighth Circuit in *Butler v. Local Union 823,* 514 F.2d 442 (8th Cir.1975). The Court finds that defendant misrepresents the holdings of both *Barnett* and *Butler.*

The *Butler* court stated that the action "could not have accrued until the Local engaged in the acts of unfair representation in the grievance process." 514 F.2d at 449. The court then held that the statute of limitations began to run when plaintiff's grievance was rejected. Similarly, *Barnett* held that the statute of limitations began to run when an Arbitration Board entered a decision denying the plaintiff's grievance. Neither court held that the statute of limitations began to run from the dates of specific acts occurring during the grievance process. Therefore, there is no merit to defendant's contention that plaintiff Holt should have sued earlier because he knew or should have known of the acts which he alleges constitute unfair representation. Holt sued within six months of the date his grievance was settled. Defendant admits that Union representation was provided to plaintiff through the date of the settlement. Therefore, plaintiff Holt's claim is not barred by the statute of limitations.

■ Defendant next contends that Holt's claim is barred because he failed to exhaust his internal union appeals. Courts have discretion to determine whether to require exhaustion of internal union procedures. *Clayton v. International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America,* 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981). Three factors to be considered are whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing, whether internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks, and whether exhaustion of internal procedures would unreasonably delay a judicial hearing on the merits. *Id.* If any of the factors are found to exist, the court may excuse a plaintiff's failure to exhaust. *Id.* Plaintiffs are required to make a clear and positive showing of futility. *Fizer v. Safeway Stores, Inc.,* 586 F.2d 182, 183 (10th Cir. 1978).

■ Defendant first contends that Holt should have requested that the international president oversee his grievance by taking control of the action of the local union. De-

fendant cites article IV, section 9 of the union's constitution, which provides that the international president may take charge of the affairs of a local union, for a period of six months or less, when necessary to advance the interests of the Local's members and the international union. There is no evidence that this provision could realistically be used to process the grievance of one individual.

■ Defendant also contends that plaintiff could have brought charges against Local members or officers, with appeal to international officials, and that the local officials could have been removed or assessed fines. There is no showing that plaintiff could receive back pay from such a procedure, or that any monetary assessment against officials would be given to plaintiff. Therefore, the Court finds that the internal procedures would be inadequate to award plaintiff the full relief sought.[1]

Defendant next contends that its alleged conduct did not amount to unfair representation. Plaintiff Holt alleges that union stewards reported him to management for violating a company rule against unauthorized handbilling. Plaintiff contends that the rule was selectively enforced against him because he was distributing anti-union material. Plaintiff also alleges that defendant coerced him into settling his grievance on unfavorable terms.[2]

■ A breach of duty of fair representation occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *United Steel Workers of America v. Rawson*, 495 U.S. 362, 372, 110 S.Ct. 1904, 1911, 109 L.Ed.2d 362 (1990). The Court agrees with the findings of the National Labor Relations Board [3] that advising the employer of a violation of company rules does not amount to a breach of duty of fair representation. Plaintiff has cited no authority for the proposition that such reporting of a com-

pany violation would amount to a breach. Furthermore, plaintiffs evidence that the rule was selectively enforced is inconclusive, consisting only of the deposition testimony of Tim Mount, who states that plaintiff's hand-billing was singled out by the union because it was an attack on the union, and that the rule had not been enforced against distribution of the union's newsletter.

■ However, the Court finds that defendant is not entitled to summary judgment on plaintiff Holt's claim that he was coerced into settling his grievance. Holt contends that defendant refused to submit his grievance for expedited arbitration, thereby forcing Holt to accept the settlement to avoid future loss of income. Defendant contends that it was the employer who refused to expedite, and contends that both the employer and the union must agree to expedite. This does not appear to be supported by the cited provisions of the General Agreement. Article 31, section 10.1 states that any grievance regarding the suspension of an employee shall be submitted to expedited arbitration. All other grievances require election of both parties. Plaintiff did not address this portion of the agreement, and defendant contended that election of both parties was required in Holt's case. Defendant's Motion for Summary Judgment on this basis is denied, and defendant is directed to explain in writing, within ten (10) days, its interpretation of the agreement as it applies to Holt's suspension.

■ Defendant also contends that plaintiff is not entitled to damages for emotional distress. Plaintiff's response is solely that this is an action in law, not equity, and that a jury question exists regarding whether the "continued and hostile retaliation" against plaintiffs is sufficiently egregious to warrant damages for emotional distress. Emotional distress damages are awarded in unfair representation suits only in "excep-

---

1. Plaintiff also contends that the international officials were so hostile that he could not have obtained a fair hearing. Although plaintiff submitted some evidence in this regard, plaintiff's own deposition states that the international officials were not biased against him. Therefore, the Court cannot hold that there has been a clear and positive showing of hostility.

2. Plaintiff, in his brief, also alleges a continuing campaign of harassment and surveillance, but cites no evidence in support of this vague statement.

3. The National Labor Relations Board made this finding regarding plaintiff Cantrell's charge.

tional cases of extreme misconduct." *Soto Segarra v. Sea–Land Service, Inc.*, 581 F.2d 291, 298 (1st Cir.1978). Plaintiff's vague allegations are insufficient to defeat a motion for summary judgment on this issue. The only evidence before the Court is that plaintiff was suspended for violating company rules after being reported by union stewards, and that plaintiff was forced to settle because of defendant's failure to proceed with expedited arbitration. Plaintiff has demonstrated no exceptional facts which would warrant emotional distress damages. Furthermore, any section 185 claim of infliction of emotional distress arising before the grievance process is barred by the six-month limitation. Even under plaintiff's continuing violation theory, evidence of acts outside the limitations period may only be used as evidence, not as the basis of a separate cause of action. *Local Lodge No. 1424 v. National Labor Relations Board,* 362 U.S. 411, 80 S.Ct. 822, 4 L.Ed.2d 832 (1960). Therefore, defendant's Motion for Summary Judgment regarding emotional distress damages is granted.

Finally, defendant contends that plaintiff is barred from complaining of incidents of harassment because he did not file a grievance against the company for those incidents. Plaintiff responds that his only allegations of retaliation are against the defendant as well as the employer. However, the Court has found that plaintiff's claim is limited to his contention that he was coerced into settling his grievance. Defendant's undisputed fact No. 25 was that the reporting incident was the foundation of plaintiff's claim that defendant coerced him to settle his grievance. Plaintiff's response to defendant's undisputed fact stated that additional factors involved in the claim were union harassment, refusal to submit the matter for expedited arbitration, and advising him that he could not win. Plaintiff's duty in responding to the motion for summary judgment was to identify genuine issues of material fact, supported by the record, and identify the movant's facts which are disputed. Local Rule 14. The Court has decided the motion based on the parties' statement of facts. Because plaintiff has directed the Court to no evidence in support of his claim of harassment and retaliation, the

Court finds that defendant's Motion for Summary Judgment is granted as to those issues.

The Court will now address defendant's Motion for Summary Judgment against plaintiff Cantrell. Defendant also moved for summary judgment on Cantrell's claim on statute of limitations grounds. The Court will not repeat its prior analysis of purely legal issues, except as necessary due to differences in Cantrell's claims.

Cantrell was suspended for five days on August 26, 1987, for failure to report to his work area at the beginning of his work shift. Before August 26, plaintiff's name had been placed on a list, created by the union and given to the employer, of people allegedly responsible for violating the company's rule against handbilling. On September 17, 1987, defendant filed a grievance on plaintiff's behalf, protesting his suspension. From September 1987 through March 7, 1988, plaintiff Cantrell took a medical leave of absence. He contends that the absence was occasioned by harassment and surveillance by defendant throughout the previous year and one-half. Plaintiff filed suit against the union on October 11, 1988, and his grievance was settled the day before his scheduled arbitration hearing of December 15, 1988.

For the reasons stated in the Court's analysis of defendant's Motion for Summary Judgment on statute of limitations grounds against plaintiff Holt, the Court also finds that Cantrell's action is timely to the extent that he claims defendant breached its duty to fairly represent him during the grievance process. Cantrell's grievance was not resolved until after this suit was filed, and defendant continued to represent Cantrell until the grievance was settled.

■ However, in his response to defendant's Motion for Summary Judgment, plaintiff refers to a 1986 suspension, and contends that the 1986 suspension is also properly included in this lawsuit. Plaintiff's complaint does not make any claim regarding his 1986 suspension, and he has not sought leave to amend. Ignoring that point, plaintiff claims that the 1986 suspension is not time barred because defendant fraudulently concealed the status of his grievance regarding that suspension. Plaintiff's evidence of fraudulent

concealment consists of his testimony that defendant's president told him in November 1987 that his 1986 grievance had been dropped, and that the president then possibly said that the 1986 grievance had been joined with the 1987 grievance. This is insufficient to toll the statute of limitations on plaintiff's 1986 claim. Defendant's statement that the grievance had been dropped should have put plaintiff on notice of defendant's possible breach of duty to represent. For that reason, and because plaintiff's 1986 claim has not been pled, the Court finds that the 1986 suspension is not included in this suit.

Defendant also moved for summary judgment on Cantrell's claim on grounds that he failed to exhaust administrative remedies. For the reasons stated regarding defendant's Motion for Summary Judgment against Holt, the Court finds that plaintiff's failure to pursue internal appeals should be excused.

Defendant also contends that plaintiff's allegations do not constitute a claim for breach of duty to fairly represent. Plaintiff alleged that defendant gave his name to the employer as a person suspected of improper handbilling, that defendant and the employer watched plaintiff closely, that plaintiff was suspended, and that defendant delayed processing his suspension until after he brought this suit.

The claim for breach of duty to fairly represent requires conduct by the defendant that is arbitrary, discriminatory, or in bad faith. There must also be fraud, deceit, dishonest conduct, or discrimination, that is intentional, severe, and unrelated to legitimate union activities. *Reid v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America,* 479 F.2d 517, 520 (10th Cir.1973), *cert. denied,* 414 U.S. 1076, 94 S.Ct. 592, 38 L.Ed.2d 483 (1973). Viewed in the light most favorable to plaintiff, there is evidence that the union delayed processing his grievance due to its animosity toward plaintiff because of his political opposition, and that plaintiff had to file suit to get his grievance processed. Therefore, defendant is not entitled to summary judgment on this issue.

The Court also finds that plaintiff Cantrell has not demonstrated facts sufficiently egre-gious to entitle him to damages for emotional distress. Defendant contends that this eliminates any possible award of damages to plaintiff, because he has otherwise been made whole by the settlement of his grievance. Plaintiff claims that he may be entitled to attorney's fees. Attorney's fees have been awarded as compensatory damages where a plaintiff has been forced to obtain private counsel to represent him in the grievance process because the union failed to represent him. *Zuniga v. United Can Company,* 812 F.2d 443 (9th Cir.1987). It is not clear whether plaintiff claims such damages. Plaintiff may file a supplemental brief within fifteen (15) days, addressing the issue of his remaining claim for damages, if any.

For the foregoing reasons, defendant's Motion for Summary Judgment against plaintiff Holt is DENIED, except as to Holt's claim for emotional distress damages. Final determination of defendant's Motion for Summary Judgment against plaintiff Cantrell is reserved pending receipt of plaintiff's brief on the issue of damages. Defendant is also directed to file its explanation of its position regarding expedited arbitration.

IT IS SO ORDERED.