Michael ZEMONICK, et al., Appellants,

v.

CONSOLIDATION COAL COMPANY, a
corporation, et al., Appellees.

No. 84–1353.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 3, 1986.

Decided July 28, 1986.

Robert M. Bastress (Barbara J. Fleischauer, West Virginia University College of Law, Morgantown, W. Va., on brief), for appellants.

Robert M. Steptoe, Jr. (C. David Morrison, Steptoe & Johnson), Clarksburg, W. Va., for appellee Consolidation Coal Co.

(Michael J. Aloi, Manchin, Aloi & Carrick, Fairmont, W. Va., on brief), for appellee Dist. 31, United Mine Workers of America.

Before RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.[*]

PER CURIAM:

The district court dismissed these hybrid § 301/DFR claims as barred by the six months limitation period established by the Supreme Court of the United States in *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The plaintiffs appealed to this court, and the majority of the three judge panel hearing the appeal reversed the district court, holding that *DelCostello* should not have been given retroactive effect in this case, and remanding the case to the district court for further proceedings. *Zemonick v. Consolidation Coal Co.*, 762 F.2d 381 (4th Cir. 1985). One member of the panel dissented, expressing the views (1) that the Supreme Court in *DelCostello* had already resolved the issue of retroactivity against the plaintiffs and (2) that even if it is appropriate to conduct an independent analysis of retroactivity under *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the *Chevron* factors require that *DelCostello* be given retroactive rather than prospective application to these facts.

* Chief Judge WINTER and Judge Wilkinson did    not participate.

A majority of the active judges of this court subsequently voted to give *en banc* consideration to the issues raised by this appeal. Following briefing and oral argument, it was held that the district court did not err when it applied *DelCostello* retroactively in this case and that the decision of the court should be affirmed. Since the rationale for the *en banc* court's decision is adequately reflected in the dissenting opinion in *Zemonick v. Consolidation Coal Co.*, 762 F.2d 381, 389–397 (4th Cir.1985), no useful purpose would be served by repeating it here.

AFFIRMED.

HAYNSWORTH, Senior Circuit Judge, with whom Judge DONALD RUSSELL and Judge K.K. HALL join, dissenting:

I dissent for the reasons set forth in the majority panel opinion in *Zemonick v. Consolidation Coal Co.*, 762 F.2d 381, 382–89 (4th Cir.1985).