801 F.2d 700
 123 L.R.R.M. (BNA) 2975, 105 Lab.Cas. P 12,049
 Jane C. TRIPLETT, Appellant,
v.
The BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS,
FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, LOCAL LODGE
NO. 308, a labor organization affiliated with the
Brotherhood of Railway, Airline and Steamship Clerks,
Freight Handlers, Express and Station Employees; the
Brotherhood of Railway, Airline and Steamship Clerks,
Freight Handlers, Express and Station Employees, a labor
organization; and the Chesapeake and Ohio Railway Company,
a corporation, Appellees.
 No. 84-1697.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 4, 1985.
Decided Sept. 23, 1986.
 
 George A. Stolze, Huntington, W. Va., for appellant.
 John A. Edmond, Washington, D.C., William C. Beatty, Huntington, W. Va., (Joseph Guerrieri, Jr., Highsaw & Mahoney, P.C., Washington, D.C., Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W. Va., on brief), for appellees.
 Before HALL and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 K.K. HALL, Circuit Judge:
 
 
 1
 Jane C. Triplett appeals from an order of the district court granting summary judgment for defendants, the International and local chapter of the Brotherhood of Railway, Airline and Steamship Clerks (the "union") and Chesapeake and Ohio Railway Company ("C & O"). We affirm.[1]
 
 
 2
 On June 27, 1979, Triplett filed in the district court sitting in the Southern District of West Virginia a complaint pursuant to the Railway Labor Act, 45 U.S.C. Sec. 151 et seq. Triplett alleged that her employer, C & O, had breached the applicable collective bargaining agreement by wrongfully terminating her employment on July 14, 1977, and that her union had breached its duty of fair representation in the handling of her subsequent grievance.
 
 
 3
 In 1984, the district court dismissed Triplett's action, concluding that it was barred by retroactive application of the United States Supreme Court's decision in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In DelCostello, the Supreme Court held that the applicable statute of limitations for breach of contract/duty of fair representation claims brought pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, was the six-month limitations period for filing an unfair labor practice charge under Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b).
 
 
 4
 On appeal, Triplett contends that her action was timely under the two-year statute of limitations set forth in the Railway Labor Act, 45 U.S.C. Sec. 153 First (r), for judicial review of awards of the National Railway Adjustment Board ("NRAB"). Alternatively, she argues that the decision in DelCostello should not be applied retroactively in her case. We disagree with each of these contentions.
 
 45 U.S.C. Sec. 153 First (r) provides that:
 
 5
 All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after.
 
 
 6
 On its face, the two-year limitations period applies only to actions to review an award of the NRAB, and not to actions alleging the failure to obtain an award. As the Third Circuit reasoned in Sisco v. Consolidated Rail Corp., 732 F.2d 1188, 1193-94 (3d Cir.1984):
 
 
 7
 [T]he nature of judicial review of a Board order is very different from that appropriate to DFR [duty of fair representation] proceedings. Board awards are reviewed under a narrow standard of review. The award on its face provides sufficient information for the reviewing court to exercise the requisite narrow scope of review. In a DFR claim for failure to bring a claim to the Board, in contrast, the inquiry is entirely distinct. The relevant question is whether the union discriminated or acted arbitrarily in failing to prosecute the claim during the limitation period prescribed by the collective bargaining agreement. Because these claims need not be exhausted before the Board, evidence must be taken by the trial court on the union's conduct during the contractual limitation period. There is a federal interest in the prompt resolution of these evidentiary disputes, especially in the collective bargaining context. Nothing suggests that the two-year limitation period for review of Board orders, which is peculiarily appropriate to our standard of review over those orders, would also be an appropriate limitation period on DFR claims. Thus, the two-year period of section 153 First (r) is not attuned to the proper balance of interests in DFR litigation.
 
 
 8
 (citations and footnotes omitted). Accord, Brock v. Republic Airlines, Inc., 776 F.2d 523, 526 (5th Cir.1985); Ranieri v. United Transportation Union, 743 F.2d 598, 599-600 (7th Cir.1984).
 
 
 9
 Other Circuits which have considered the question have uniformly concluded that the limitations period announced in DelCostello for breach of contract/duty of fair representation claims under Sec. 301 of the Labor Management Relations Act applies with equal force to similar claims brought pursuant to the Railway Labor Act.[2] We agree that DelCostello' § six-month limitations period governs actions under the Railway Labor Act for breach of contract and breach of the union's duty of fair representation.
 
 
 10
 Moreover, we conclude that, on the basis of this Court's recent en banc decision in Zemonick v. Consolidation Coal Co., 796 F.2d 1546, (4th Cir.1986), the district court properly applied DelCostello retroactively and dismissed Triplett's action. In Zemonick, the majority of the en banc Court held that retroactive application of DelCostello' § six-month rule is required in cases, such as Triplett's, brought for breach of contract/duty of fair representation. We find that Zemonick is controlling here and that Triplett's action, which was filed more than six months following her discharge, is, consequently, barred by limitations.
 
 
 11
 For the foregoing reasons, the judgment below is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Following our original decision in this case, Triplett v. Brotherhood of Ry., Airline & S.S. Clerks, 763 F.2d 625 (4th Cir.1985), reversing the district court, appellees filed a petition for rehearing and suggested rehearing en banc. By order entered October 31, 1985, the case was placed in abeyance pending a decision of the en banc Court in Zemonick v. Consolidation Coal Co., 796 F.2d 1546, (4th Cir.1986), which addressed one of the two issues raised in the instant appeal. In light of the en banc decision in Zemonick, we now grant appellees' petition for rehearing and issue a new opinion, affirming the district court. It is further noted that no judge requested a poll of the Court on appellees' suggestion for rehearing en banc
 
 
 [2]
 Brock v. Republic Airlines, Inc., 776 F.2d 523, 525-26 (5th Cir.1985); Barnett v. United Airlines, Inc., 738 F.2d 358, 363-64 (10th Cir.), cert. denied, 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984); Welyczko v. U.S. Air, Inc., 733 F.2d 239, 240 (2d Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); Sisco v. Consolidated Rail Corp., 732 F.2d 1188, 1192 (3d Cir.1984); Hunt v. Missouri Pacific R.R., 729 F.2d 578, 581 (8th Cir.1984); Ranieri v. United Transportation Union, 743 F.2d 598, 600-601 (7th Cir.1984)