Jay A. **LEVETT**, Plaintiff,

v.

The **CHESAPEAKE AND OHIO RAILWAY COMPANY**, and the **United Transportation Union**, jointly and severally, Defendants.

No. 86–CV–74836–DT.

United States District Court,
E.D. Michigan, S.D.

July 24, 1987.

---

James J. Hoare, Southfield, Mich., for plaintiff.

Gene S. Davis, Detroit, Mich., for Chesapeake and Ohio Ry. Co.

Clinton J. Miller III, Cleveland, Ohio for United Transp. Union.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This suit was brought by Plaintiff pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* Plaintiff is a brakeman for the Defendant railroad. The lawsuit stems from a March 8, 1984 incident where Plaintiff was apparently injured when sand was blown in his eyes. After leaving work for approximately four days, Plaintiff was thereafter fired by the Defendant railroad for misrepresenting the extent of his physical injuries and ability to work. On September 24, 1984, Plaintiff filed a grievance through the United Transportation Union in accordance with the collective bargaining agreement. When the informal grievance procedure proved unfruitful, the Plaintiff appealed his grievance and discharge to the Public Law Board in Baltimore, Maryland.

On February 25, 1985 the Public Law Board, in arbitration proceedings, issued a decision in Plaintiff's favor and ordered him reinstated, but reserved the back pay issue. On May 7, 1985, the award was finally entered with Plaintiff receiving back pay for time lost between January 15, 1985 and February 22, 1985. The arbitration board declined to enter an award of back pay for the pre-January 15 time, holding that "the suspension of ten months (from March 15, 1984 to January 15, 1985) will emphasize the importance of his attending to duty and dealing openly with his employer."

The Plaintiff thereafter commenced the instant suit for the remaining back pay on November 19, 1986. In his complaint, Plaintiff alleges that the Defendant employer breached the collective bargaining agreement by failing to have him examined by a physician so as to properly decide the grievance issues. Plaintiff also alleges that the Defendant Union breached its duty of fair representation by negligently failing to "make available deposition transcripts or live testimony" of Plaintiff's treating physicians. The case is now before the Court on Defendants' Motion for Summary Judgment.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a

motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

█] A review of the relevant pleadings indicates that this matter is time-barred. Plaintiff's complaint reveals that this case is a so-called "hybrid" action on an employment contract (that is, an action by the employee against his employer for breach of the collective bargaining agreement and against his Union for breaching its duty of fair representation under the collective bargaining agreement's dispute resolution procedures). In *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) the Supreme Court held that the applicable period in hybrid § 301 suits is the six-month period of Section 10(b) of the National Labor Relations Act. Moreover, the Circuits have uniformly extended the *Del Costello* limitations period to hybrid actions brought pursuant to the Railway Labor Act. *See Dozier v. Trans World Airlines, Inc.*, 760 F.2d 849 (7th Cir.1985); *Triplett v. Brotherhood of Railway Employees*, 801 F.2d 700 (4th Cir.1986); *International Association of Machinists & Aerospace Workers v. Aloha Airlines, Inc.*, 781 F.2d 1400 (9th Cir.1986); *Barnett v. United Air Lines, Inc.*, 738 F.2d 358 (10th Cir.1984); *Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188 (3d Cir.1984); *Hunt v. Missouri Pacific R.R.*, 729 F.2d 578 (8th Cir.1984). In applying the six-months limitations period, the statute begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. *Shapiro*

*v. Cook United, Inc.*, 762 F.2d 49 (6th Cir.1985).

] Having carefully reviewed the applicable law, the Court finds that the Plaintiff's claims are time-barred. In reaching this conclusion, the Court concludes that the Plaintiff's claim accrued upon receipt of the final decision of the Public Law Board on May 21, 1985 stating that the matter had been adjudicated to a conclusion by the Organization.[1] Since Plaintiff's complaint was not filed until November 19, 1986—almost one and one-half years later—it is barred by the six-month limitations period set forth in *Del Costello*. Accordingly, Defendants' Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.

---

1. Plaintiff's assertion that the statement of finality in the Board decision misled him into believing that he had no further recourse is unconvincing. It is the opinion of the Court that the Plaintiff "in the exercise of reasonable diligence" should have construed this letter as the accrual of his cause of action. Likewise, where, as here, there are no allegations of active fraud or concealment, Plaintiff cannot rely on his own ignorance of the law.