**Frederick SMALLAKOFF,
Plaintiff-Appellee,**

v.

**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, a non-profit association, TWA/ALPA, a non-profit association, Defendants-Appellants.**

**No. 86–3761
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1987.

---

Mark F. Kelly, Kelly & McKee, P.A., Tampa, Fla., Felice Busto, Air Line Pilots Ass'n, Intern., Washington, D.C., for plaintiff-appellant.

Stephen J. Wein, Battaglia, Ross, Hastings, Dicus & Andrews, St. Petersburg, Fla., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant Air Line Pilots Association, International brought this interlocutory appeal from the district court's decision that the claims against it for breach of the duty of fair representation under the Railway Labor Act are not barred because a two-year, not a six-month, statute of limitations applies. Following the lead of seven other circuits which apply a six-month limitation to fair representation actions, we reverse the district court's ruling and remand the case.

Frederick Smallakoff filed a complaint on August 20, 1985, charging the defendant unions with breach of their duty of fair representation under Section 2 of the Railway Labor Act, 45 U.S.C.A. § 151, *et seq.* The defendant pilots' union filed a motion to dismiss alleging a statute of limitations bar.

Seven United States Circuit Courts of Appeal have held that a six-month limitations period applies to duty of fair representation cases under the Railway Labor Act. *See Welyczko v. U.S. Air, Inc.,* 733 F.2d 239 (2d Cir.), *cert. denied,* 469 U.S. 1016, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188 (3d Cir.1984); *Triplett v. Brotherhood of Ry., Airline and Steamship Clerks,* 801 F.2d 700 (4th Cir.1986); *Brock v. Republic Airlines, Inc.,* 776 F.2d 523 (5th Cir.1985); *Ranieri v. United Transportation Union,* 743 F.2d 598 (7th Cir.1984); *Hunt v. Missouri Pacific RR.,* 729 F.2d 578 (8th Cir. 1984); *Barnett v. United Air Lines, Inc.,* 738 F.2d 358 (10th Cir.) (opinion on rehearing), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984). These circuits reason that since there is no limitations period for breach of the duty of fair representation claims in the Railway Labor Act, the appropriate limitations period is the six-month period found in Section 10(b) of the National Labor Relations Act, 29 U.S. C.A. § 160(b). The United States Supreme Court has borrowed this limitations period when addressing a "hybrid" claim for breach of a collective bargaining agreement and breach of the duty of fair representation under Section 301 of the Labor Management Relations Act, 29 U.S.C.A.

§ 185. *DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Although the issue under the Railway Labor Act has not been directly addressed by the United States Supreme Court, its recent decision in *West v. Conrail,* — U.S. ——, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), suggests that if faced with the issue it too would conclude that the six-month period applies.

The district court considered but rejected the holdings of these other circuits and held that the two-year limitations period in 45 U.S.C.A. § 153(r) was more appropriate, following what it considered to be the better reasoning of *Henry v. Air Line Pilots Assoc.,* 585 F.Supp. 376 (N.D.Ga.1984), *aff'd on other grounds,* 759 F.2d 870 (11th Cir.1985). Of the seven circuits that applied the six-month limitations period, four addressed the rationale of *Henry,* and specifically rejected the alternative of using the two-year limitations period provided for judicial review of National Railroad Adjustment Board awards found in 45 U.S.C.A. § 153(r). *Sisco,* 732 F.2d at 1193; *Triplett,* 801 F.2d at 702; *Brock,* 776 F.2d at 526; *Ranieri,* 743 F.2d at 600.

We hold that the district court should have followed the substantial authority that applies the six-month limitations period to duty of fair representation claims under the Railway Labor Act. There is no persuasive reason why the same limitations period should not be uniformly applied throughout the country. After seven United States Circuit Courts of Appeal have addressed arguments such as those presented here and have all held that a six-month statute of limitations period should apply, the other circuits should fall in line. With so many circuits having recently decided the issue in the same way, the bench and bar should be able to depend on the point as settled law without judge-by-judge reexamination of the issue. It is inefficient to create conflicts in such cases that an over-burdened Supreme Court would have to resolve. The matter is totally within legislative control. If the public is dissatisfied with the consistent reasoning of the several courts of appeal, it should look to Congress for correction.

Although the district court denied the motion to dismiss on the limitations ground, and certified its order for interlocutory appeal under 28 U.S.C.A. § 1292(b), it ordered the action administratively closed on September 26. At the time the complaint was filed arbitration was proceeding on Smallakoff's claim against his employer TWA for breach of the collective bargaining agreement. Smallakoff had filed a motion to stay the proceedings in the district court pending the outcome of the arbitration proceedings.

Since the case was administratively closed pending arbitration proceedings, appellees contend the appeal of this issue is premature. It is clear from the pleadings, however, that all of the issues raised will not be resolved by the arbitration proceedings and this case may be reopened at any time. If this action is left pending, the defendant will have to continue to incur expense in monitoring the case and presumably will have to maintain some contingency reserve until the litigation is terminated. The defendant has the right to have this pending action dismissed, if it is barred by the statute of limitations.

The district court simply held that the two-year limitations period applied and denied the defendant's motion to dismiss. The district court did not decide when the limitations period would begin, or whether the six-month statute would bar the suit. These questions must be resolved on remand.

REVERSED and REMANDED.