843 F.2d 815
 Prod.Liab.Rep.(CCH)P 11,743
John Howard GRIMES, Plaintiff-Appellant,
v.
OWENS-CORNING FIBERGLASS CORPORATION, a Delaware
corporation; Pittsburgh Corning Corporation, a Pennsylvania
corporation; Celotex Corporation, a Delaware corporation;
Fiberboard Corporation, Pabco Industrial Products Division,
a Delaware corporation; Armstrong Cork Company, a
Pennsylvania corporation; Eagle-Picher Industries, Inc., an
Ohio corporation; Keene Corporation, a Delaware
corporation; H.K. Porter Company, Inc., Thermoid Division,
a Delaware corporation; Asbestos Textile Institute, an
unincorporated trade association, Defendants-Appellees.
Doris E. SAUNDERS, Personal Representative, of the Estate of
Melvin H. Saunders, Plaintiff-Appellant,
and
Melvin H. Saunders; Clara Faulk Long, Administratrix and
Personal Representative of the Estate of Norman Long;
deceased; Eleanor M. Adams, Executrix and Personal
Representative of the Estate of Norman Long, deceased;
Matilene S. Shank, Executrix and Personal Representative of
the Estate of Charles G. Shank, deceased; Kathryn C.
Furlough, Executrix and Personal Representative of the
Estate of Isaac Furlough, deceased, Plaintiffs,
v.
PORTER-HAYDEN COMPANY, a Maryland corporation, Defendant-Appellee,
and
Pittsburgh Corning Corporation, a Pennsylvania corporation;
Celotex Corporation, a Delaware corporation; Eagle-Picher
Industries, Inc., an Ohio corporation; Owens-Corning
Fiberglass Corporation, Keene Corporation, a Delaware
corporation; H.K. Porter Company, Inc., Thermoid Division,
a Delaware corporation; Raymark Industries, Inc., a
Connecticut Corporation; Owens-Illinois Glass Company, an
Ohio Corporation; Southern Textile Company, a Delaware
Corporation, Defendants.
 Nos. 86-2586, 86-2587.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 8, 1987.
Decided April 8, 1988.
 
 Joel I. Klein, Washington, D.C., (Christopher D. Cerf, Onek, Klein & Farr, Washington, D.C., Robert R. Hatten, Patten, Wornom & Watkins, Newport News, Va., Richard Glasser, Glasser & Glasser, Norfolk, Va., on brief), for plaintiffs-appellants.
 John Y. Perason, Jr. (Willcox & Savage, P.C., Norfolk, Va., Carter A. Anderson, Jr., Anderson & Padrick, Virginia Beach, Va., on brief), for defendants-appellees.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 ERVIN, Circuit Judge:
 
 
 1
 Plaintiffs Saunders and Grimes appeal from the dismissal of their asbestosis claims as barred under the Virginia statute of limitations. Va.Code Ann. Sec. 8.01-243(A). They contend that the Virginia statute does not apply retroactively to them, rather, admiralty law provides the proper limitations period. Alternatively, plaintiff Saunders argues that an amendment changing the time of accrual for the Virginia statute of limitations to the date on which the diagnosis is communicated to the patient has retroactive effect and subsequently saves his claim. Va.Code Ann. Sec. 8.01-249.4. We agree with Saunders and Grimes and find that the admiralty statute of limitations applies rather than that of Virginia state law. Accordingly, we reverse the district court's dismissal of plaintiffs' claims. We need not address the issue raised by Saunders concerning the retroactivity of the amendment to the Virginia statute of limitations.
 
 I.
 
 2
 Melvin H. Saunders, now deceased, and John Howard Grimes were employed by shipyard companies until they became totally disabled by asbestosis. On November 6, 1981, Mr. Saunders was told by an examining physician that he possibly had asbestosis. This condition was not confirmed until March 16, 1982. On December 9, 1983, plaintiff Saunders filed this products liability action against various asbestos-related industries in the United States District Court for the Eastern District of Virginia.[1] Plaintiff Grimes was diagnosed as having asbestosis on February 22, 1982, and filed suit more than two years later on May 30, 1984.
 
 
 3
 On June 6, 1986, the defendant manufacturers moved to dismiss the plaintiffs' claims as time-barred. Treating the motions to dismiss as motions for summary judgment, the court dismissed the claims based on two findings.
 
 
 4
 First, the district court below found that the holding in Oman v. Johns-Manville Corp., 764 F.2d 224 (4th Cir.1985) (en banc) cert. denied, Oman v. H.K. Porter Co., 474 U.S. 970, 106 S.Ct. 351, 88 L.Ed.2d 319 (1985), applied retroactively. In Oman, this court overruled White v. Johns-Manville Corp., 662 F.2d 234 (4th Cir.1981) (White II ), and held that admiralty jurisdiction does not extend to damage claims by land-based shipyard employees for damages induced by asbestos exposure.[2] The Oman plaintiffs filed their claims more than two years after the date on which their causes of action accrued. Pursuant to our ruling in that case, the claims were subject to Virginia's two-year statute of limitations[3] rather than admiralty's three-year statute of limitations[4], and were thus barred.
 
 
 5
 In this case, Saunders and Grimes timely filed under the three-year admiralty statute of limitations. However, if the two-year Virginia limitations statute applies, Grimes' claim is barred, and Saunders' claim survives only if the 1985 amendment is applied retroactively.
 
 
 6
 Second, the district court found Saunders' alternative claim was not preserved by the 1985 amendment to the Virginia statute of limitations. Prior to July 1, 1985, actions for asbestos-induced injuries, like all personal injury actions, were deemed to accrue "from the date the injury is sustained in the case of injury to the person ..." Va.Code Ann. Sec. 8.01-230; Locke v. Johns-Manville Corp., 221 Va. 951, 275 S.E.2d 900 (1981). Saunders stipulated that his disease was diagnosable as of November 6, 1981. As his complaint was not filed until December 10, 1983, Saunders' claim is barred under the general Virginia statute of limitations. Pursuant to Va.Code Ann. Sec. 8.01-249.4 as amended July 1, 1985, asbestos claims accrue when a diagnosis of an asbestos-related disease is communicated to the patient. For Saunders, the date of communication was arguably March 16, 1982, placing his claim within the limitations period of the amended statute. The district court found that the amendment did not apply retroactively and dismissed Saunders' alternative claim.
 
 II.
 
 7
 The primary issue before this court is whether the rule in Oman, requiring use of Virginia's two-year statute of limitations instead of admiralty's three-year statute, applies retroactively to the cases at bar.
 
 
 8
 At first blush, the issue here is almost the same that this court faced in Zemonick v. Consolidation Coal Co., 762 F.2d 381 (4th Cir.1985), rev'd 796 F.2d 1546 (4th Cir.1986) (en banc), cert. denied, --- U.S. ----, 107 S.Ct. 671, 93 L.Ed.2d 723 (1986). In Zemonick, we considered which statute of limitations applied to an employee suit against an employer and a union. Plaintiff had filed his action within the applicable state limitations period. While the case was pending, the Supreme Court established a six-month federal limitations period in an identical action. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In DelCostello, the Supreme Court applied the new statute of limitations retroactively to the parties before it without undertaking the balancing test suggested by Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).[5] In Zemonick, this court ultimately held en banc that the absence of a Chevron test in DelCostello indicated that the new limitations period was to apply uniformly and not on a case-by-case basis. In dictum, we noted that even under a Chevron analysis, the new statute of limitations should apply retroactively.
 
 
 9
 The DelCostello-Zemonick line of analysis closely parallels the relationship between Oman and the claims of Saunders and Grimes. As with DelCostello, our holding in Oman did not include a Chevron analysis. The defendant manufacturers argue that Zemonick dictates that if the pivotal opinion establishing a new limitations period does not undertake a Chevron analysis, the new statute of limitations applies retroactively without exception. They contend that the omission of Chevron analysis in Oman signals that Virginia's two-year statute of limitations applies retroactively to Saunders' and Grimes' claims. It is clear that the district court agreed with this analysis when it found appellants' claims were untimely.
 
 
 10
 In light of two recent Supreme Court opinions, however, these comparisons between Zemonick and the cases before us are ineffective. In St. Francis College v. Al-Khazraji, --- U.S. ----, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), and a follow up decision in Goodman v. Lukens Steel Co., --- U.S. ----, 107 S.Ct. 2617, 96 L.Ed.2d 592 (1987), the Supreme Court did not focus on the controlling opinion's use or nonuse of the Chevron test when considering retroactivity. Instead, the Court looked at whether the law in the plaintiff's circuit was unclear at the time his or her cause of action accrued. This threshold factor for nonretroactivity is essentially the first of the three qualifications in the Chevron test.
 
 
 11
 In these two opinions, the Court emphasized that under Chevron, nonretroactivity is appropriate when a decision overrules "clear Circuit precedent on which the complaining party is entitled to rely." Goodman at 2621. Using this standard, the court applied a two-year statute of limitations, Pa.Stat. Ann. Tit. 12 Sec. 34, retroactively in Goodman and prospectively in St. Francis. When Goodman filed his Sec. 1981 claim in 1973, the Third Circuit had not ruled on which statute of limitations applied. In 1977, the Third Circuit, in a holding since overruled, established a six-year statute of limitations, Pa.Stat.Ann. tit. 12 Sec. 31, for Sec. 1981 claims. Meyers v. Pennypack Woods Home Ownership Assn., 559 F.2d 894 (1977), overruled in Goodman v. Lukens Steel Co., 777 F.2d 113 (3rd Cir.1985). In 1980, during the time period when the six-year statute of limitations was clearly in effect, appellant in St. Francis filed his 1981 claim. In 1985, the Third Circuit in Goodman reversed itself and endorsed the two-year limitations period.
 
 
 12
 Because plaintiff Goodman had no clear indication of which statute applied, and thus incurred no detrimental reliance, the Supreme Court applied the new two-year statute of limitations retroactively. In St. Francis, the Court recognized that appellant did have clear circuit precedent on which he was entitled to rely. With this finding appellant satisfied the first tier of the Chevron test. Upon further examination, the Court also recognized that the requirements of the second and third tier were met, and endorsed nonretroactivity in St. Francis. Thus, in both cases, Goodman and St. Francis, the Supreme Court's decisions turned on whether there was "clear Circuit precedent on which the complaining party was entitled to rely." Goodman at 2621.
 
 III.
 
 13
 In light of the holdings in St. Francis and Goodman, we do not apply automatically the new limitations period established in Oman to appellants' claims. Both Saunders and Grimes filed their suits when Fourth Circuit precedent clearly held that admiralty's three-year statute of limitations applied to such claims. When Saunders and Grimes filed their claims: 1) a unanimous panel of the Fourth Circuit had expressly held that admiralty jurisdiction applied to such cases, White II; 2) the Supreme Court had denied certiorari in White II; and 3) the Fourth Circuit had denied a later petition to reconsider White II en banc. Saunders and Grimes need not prove actual reliance on this precedent, but only the existence of "past precedent on which litigants may have relied." Chevron, 404 U.S. at 106, 92 S.Ct. at 355.
 
 
 14
 Having found the threshold tier of the Chevron test satisfied, we subsequently consider the facts in terms of the second and third tiers. In Cash v. Califano, 621 F.2d 626 (1980), this court discussed the interrelated nature of the three Chevron factors, indicating each separate tier need not be fully satisfied in order to preclude retroactivity. See, also Ramey v. Harber, 589 F.2d 753, 757-60 (4th Cir.1978), cert. denied, 442 U.S. 910, 99 S.Ct. 2823, 61 L.Ed.2d 275 (1979). However, because we find in this case that the second and third factors are independently satisfied, it is unnecessary to balance the three tiers among themselves.
 
 
 15
 The second Chevron standard requires us to examine the purpose of the new statute of limitations and to determine whether retroactive application will further or retard its operation. Actually, this court did not create a new statute of limitations in Oman. We narrowed the scope of admiralty jurisdiction such that Virginia's preexisting statute of limitations, Va.Code Ann. Sec. 8.01-243(A), now controls. We look to Oman to discern the purpose of the change in jurisdiction in order to consider the second Chevron factor.
 
 
 16
 In contrast to Zemonick, Oman does not identify a need for a national, uniform statute of limitations. Under the facts of Zemonick, we recognized that retroactive application filled a particular need for uniformity in labor law. " '[T]he importance of uniformity in limitations periods' in labor law which 'was a major consideration in the DelCostello opinion itself' favors retroactivity." Zemonick, 762 F.2d at 393, citing Landahl v. PPG Industries, Inc., 746 F.2d 1312, 1315 (7th Cir.1984). Conversely in Oman, by limiting the exercise of admiralty jurisdiction, this court precluded the application of a uniform admiralty statute of limitation. Instead, each individual state determines the appropriate limitations period. Thus the absence of a uniform application is not a major concern in the analysis of the second factor.
 
 
 17
 As stated in Oman, this court's purpose for refusing to exercise admiralty jurisdiction rests in great part on the federal courts' deference to the states' sovereign powers. "Virginia's statute of limitations is a matter of state concern, governed by state law, which we do not interfere with in this case." Oman at 232. Arguably, Virginia's sovereign powers are furthered by retroactive application of Oman. Upon closer look however, this court finds that nonretroactivity on such a limited scale as the one at bar does not infringe upon the sovereign rights of the Commonwealth of Virginia. Only a limited and identifiable class of possible claimants, those who were entitled to rely on White II, will be able to take advantage of the nonretroactive application of Oman. As discussed previously, these persons had absolutely no indication from this court that their claims would not fall within admiralty jurisdiction. The Virginia Supreme Court has held that the general policy of its limitations statutes is to prevent a plaintiff from purposefully delaying suit to the prejudice of the defendant. "In short, statutes of limitation serve an important and salutary purpose. Without them, defendants could find themselves at the mercy of unscrupulous plaintiffs who hoard evidence that supports their position while waiting for their prospective opponents to discard evidence that would help make a defense." Burns v. Board of Supervisors of Stafford County, 227 Va. 354, 315 S.E.2d 856 (1984). The concerns of the Commonwealth's Supreme Court do not arise with appellants' claims. There is no evidence that Saunders or Grimes delayed filing claims in order to sabotage appellees' defense. The manufacturers were not caught by surprise when Saunders and Grimes did file suit. For purposes of the second tier analysis, we find initially that no need exists for a national uniform statute of limitations. Furthermore, Virginia's express rationale for its limitations periods has not been abused. In light of these findings we hold that the narrow exception created by nonretroactive application for those plaintiffs who relied on White II does not violate the sovereign powers of the Commonwealth of Virginia. The second tier of the Chevron test is satisfied.
 
 
 18
 The third factor requires weighing the equities. Unlike the plaintiffs in Zemonick, Saunders and Grimes reasonably relied on clear circuit precedent when they filed their claims within the admiralty statute of limitations. Moreover, prospective application of Oman causes no gross inequity to appellee-manufacturers. At the time of Saunders' and Grimes' exposure, the manufacturers had no expectation that they would be shielded from liability by a change in admiralty law. Although all the parties came to court with clean hands, a balance of the equities favors Saunders and Grimes in light of their reliance on our ruling in White II.
 
 
 19
 Thus, under the Chevron analysis, we do not apply our ruling in Oman retroactively to the claims of Saunders and Grimes. The district court's summary judgment ruling in favor of the appellees is reversed.
 
 
 20
 In light of this ruling, we do not address the issue raised by Saunders regarding Va.Code Ann. Sec. 8.01-249.4 and its retroactive application. The case is remanded to the district court for proceedings consistent with this opinion.
 
 
 21
 REVERSED AND REMANDED.
 
 HAYNSWORTH, Senior Circuit Judge, concurring:
 
 22
 I think that consideration of the second Chevron factor leads to a conclusion that that factor is essentially neutral. I agree that a non-retroactive application of the new rule of Oman should not greatly offend any important policy of the Commonwealth of Virginia, but I cannot conclude that it furthers the policy enunciated in Oman.
 
 
 23
 Nevertheless, consideration of the first and third factors weigh so heavily against retroactive application that I fully concur in the result.
 
 
 
 [1]
 Doris L. Saunders is the personal representative of the estate of Mr. Saunders in this action. We refer interchangeably to Melvin and Doris Saunders as plaintiffs
 
 
 [2]
 In Oman, this court adopted a nexus test by which we considered the following four factors in analyzing whether or not a given claim falls within admiralty jurisdiction: "(1) the function and role of the parties; (2) the types of vehicles and instrumentalities involved; (3) the causation and the type of injury; and (4) traditional concepts of the role of admiralty law." Oman at 230
 First, under the facts in Oman, defendant-manufacturers marketed maritime products; however, plaintiffs functioned as pipe coverers and insulators, not sailors. Second, the involvement of ships was incidental to the nature of plaintiffs' asbestos claims. Third, causes of asbestosis are not inherently linked to maritime activity. Fourth, the issues in plaintiffs' suits did not require the special expertise of a court in admiralty.
 Only the initial part of the first factor favored plaintiffs' position. Thus, this court in Oman found that admiralty jurisdiction does not extend to asbestos suits by land-based shipyard employees.
 
 
 [3]
 All parties involved accept that if admiralty jurisdiction is denied, Virginia's general two-year personal injury statute of limitations applies. Va.Code Ann. Sec. 8.01-243(A). As previously noted, the parties here dispute the application of the statute's amendment. Va.Code Ann. Sec. 8.01-249.4. We do not decide this question
 
 
 [4]
 In White we found that the doctrine of laches applies to claims within admiralty jurisdiction. Pursuant to 46 U.S.C.App. Sec. 763a, all maritime claims accruing since October, 1980, are controlled by a federal three-year statute of limitations. This change from laches to a federal statute of limitations is of no consequence in this case. Both sides stipulate, and the court agrees, that if admiralty jurisdiction is exercised, plaintiffs' claims are timely
 
 
 [5]
 In Chevron, the Supreme Court set forth three separate tests to be met in determining whether a decision should be applied other than retroactively
 First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, we have weighed the inequity imposed by retroactive application....
 Id. at 106, 107, 92 S.Ct. at 355, 355 (citations omitted).