Rex McCauley WINDERS, Plaintiff,

v.

UNITED TRANSPORTATION UNION
and Kenneth Tuma, Defendants.

No. 93–CV–0083–B.

United States District Court,
D. Wyoming.

Sept. 29, 1993.

Bert T. Ahlstrom, Cheyenne, WY, for plaintiff.

Robert G. Pickering, Bailey, Pickering & Stock, Cheyenne, WY, Kevin C. Brodar, United Transp. Counsel, Cleveland, OH, for defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BRIMMER, District Judge.

The above-entitled matter having come before the Court upon Defendants' Motion to Dismiss and Plaintiff's opposition thereto, and the Court having reviewed the materials on file herein, having heard argument from the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

### Factual Background

Union Pacific Railroad ("UPRR") employed plaintiff Rex Winders from September 21, 1970 until January 21, 1986 when he was terminated. On November 26, 1985, UPRR sent Winders a letter asking him to appear at a conference to explain his 57 absences from work. Winders failed to do so. As a result, on January 2, 1986, UPRR sent him a formal notice of hearing and investigation concerning his absences. On January 7, 1986, UPRR informed Winders of the hearing which was to be held on January 13, 1986. Winders did not attend the hearing. Consequently, UPRR found that Winders was in violation of its rules and discharged him effective January 21, 1986.

On February 20, 1986, defendant Tuma, local union griever for defendant United Transportation Union ("UTU"), appealed the discharge on Winders' behalf. UPRR denied this appeal. Ten months later, on October 20, 1986, Winders contacted Tuma, seeking to have UPRR reinstate him. On October 31, 1986, Tuma wrote to UPRR Superintendent D.L. Smith requesting that UPRR reinstate Winders. In addition, during a conference with Smith on November 14, 1986, Tuma orally requested that Winders be reinstated. Superintendent Smith denied the requests.

From 1987 through 1989, defendant Tuma continued his efforts to obtain reinstatement for Winders via repeated letters to Superintendents Smith and Brown. After receiving a letter from Brown stating unequivocally that Winders' dismissal was permanent, Tuma wrote to UPRR's Director of Employee Assistance Program, D.D. Sorenson. On June 13, 1989, Sorenson informed Tuma that he could not be of any assistance and referred Tuma back to Superintendent Brown. At a conference held on June 14, 1989, Superintendent Brown again denied Tuma's request for Winders' reinstatement.

Winders filed suit in Wyoming state court against defendants Tuma and UTU, alleging that they breached their duty of fair representation under the Railway Labor Act, 45 U.S.C. § 151 et seq. (1988). The defendants have removed the case to this Court under 28 U.S.C. § 1441(b) (1988) and now seek to dismiss Winders' complaint under Federal Rule of Civil Procedure 12(b)(6).

### Standard of Review

The purpose of Fed.R.Civ.P. 12(b)(6) is to test the legal sufficiency of the statement of a claim for relief. It is not a procedure for resolving issues of fact or the merits of a case. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). In consideration of a Fed. R.Civ.P. 12(b)(6) motion, the trial court determines the sufficiency of a complaint as a matter of law. *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986).

Dismissal of a case pursuant to Fed. R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of her claim to entitle her to

relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). "To reach this conclusion, we clothe plaintiff's claims in such fashion to presume all allegations true. 'The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim.'" *Morgan,* 792 F.2d at 978 (citing *Auster Oil & Gas v. Stream,* 764 F.2d 381 (9th Cir.1985)).

Rule 8 sets forth the basic requirements for pleading a claim. That rule calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Thus, although Rule 12(b)(6) provides for dismissal when the plaintiff fails to state sufficient facts to meet this liberal standard, its "sanction extends only to a formal testing of the legal sufficiency of the factual basis" of the claim. *Auster Oil & Gas,* 764 F.2d at 386. "Granting defendant's motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Morgan,* 792 F.2d at 978; 5A Wright & Miller, Federal Practice and Procedure § 1357.

### Discussion

The defendants contend that Winders' complaint should be dismissed because, first, he has failed to state a claim for which relief could be granted, and, second, his complaint is time-barred. The Court addresses each contention below.

### A. Legal Sufficiency of Plaintiff's Complaint

The defendants argue that Winders has failed to state a claim for breach of the duty of fair representation. It is well-established that an implied right of action for breach of duty of fair representation between parties subject to the Railway Labor Act is embodied in 45 U.S.C. §§ 151 & 152 (1988). *See, e.g., Barnett v. United Air Lines, Inc.,* 738 F.2d 358, 362 (10th Cir.) (citing *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967) and *Steele v. Louisville & Nashville R.R. Co.,* 323 U.S. 192, 199, 65 S.Ct. 226, 230, 89 L.Ed. 173 (1944)), *cert.*

*denied,* 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984). As the Supreme Court has stated: "The duty of fair representation was judicially evolved ... to enforce fully the important principle that no individual union member may suffer invidious, hostile treatment at the hands of the majority of his coworkers." *Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees of America v. Lockridge,* 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473 (1971).

To state a prima facie cause of action for breach of duty of fair representation, a plaintiff must allege "arbitrary or [ ] bad faith conduct on the part of the Union," *Vaca,* 386 U.S. at 193, 87 S.Ct. at 918, or facts that support an inference of bad faith or discriminatory intent. *Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 531 (10th Cir.1992); *Florey v. Air Line Pilots Ass'n, Int'l,* 575 F.2d 673, 676 (8th Cir.1978). Bad faith requires a showing of fraud, deceitful action or dishonest action on the part of the union. *Mock,* 971 F.2d at 531. "Simply showing that the Union did not represent [the plaintiff] as vigorously as it could have does not establish [a breach of the duty of fair representation]." *Id.* The defendants contend that Winders has failed to allege sufficient facts to show bad faith on the part of Tuma and UTU. This Court disagrees.

Because dismissal is an extremely harsh remedy, a party cannot prevail on its motion to dismiss unless it appears beyond doubt that the opposing party can prove no set of facts entitling it to relief. *Walters v. Grand Teton Crest Outfitters, Inc.,* 804 F.Supp. 1442, 1444 (D.Wyo.1992). While it is true that the complaint states that the defendants acted "negligently," and "not in a timely or proper manner," and that Tuma "failed to properly represent" the plaintiff, *see* plaintiff's Complaint at ¶s 7, 8, and 11, these allegations alone are insufficient to establish the requisite bad faith in pleading breach of duty of fair representation. The complaint, however, also alleges that defendant Tuma acted intentionally and willfully in his failure to adequately represent the plaintiff because had Winders been reinstated, he would have been in a position of superiority over Tuma.

Plaintiff's Complaint at ¶s 9 and 13. This Court holds that these facts are sufficient to withstand defendants' arguments that the plaintiff has failed to state a claim for breach of duty of fair representation.

## B. Statute of Limitations

█ The defendants also contend that even if the plaintiff has stated a claim for breach of the duty of fair representation, the claim is time-barred by the six month statute of limitations provided in § 10(b) of the National Labor Relations Act. ("NLRA"), 29 U.S.C. § 160(b) (1988). In order to fully understand the parties' contentions, it will be necessary to review the background of the Railway Labor Act ("RLA") and its relationship to the NRLA, 29 U.S.C. §§ 151 *et seq.* (1988).

The NLRA governs labor disputes in most industries. The RLA, however, provides a separate statutory scheme for labor disputes arising in two significant national industries, the air carrier industry and the rail industry. The RLA recognizes two major types of disputes: (1) "major" disputes, which relate to the formation of collective bargaining agreements, and (2) "minor" disputes involving the interpretation of such agreements. *See El-gin, J. & E.R. Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1289, 89 L.Ed. 1886 (1945); *Barnett,* 738 F.2d at 361. The RLA requires railroads and air carriers and their employees to establish boards of adjustment with exclusive jurisdiction for resolving minor disputes. 45 U.S.C. § 184 (1988).

Decisions by adjustment boards that merely interpret collective bargaining agreements are binding on the parties and no court, state or federal, has jurisdiction to review such decisions. 45 U.S.C. § 153(q) (1988); *Union Pacific R.R. Co. v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978). However, if the adjustment board failed to comply with the requirements of the RLA, failed to act within its jurisdiction, or there

was fraud or corruption by a member of the board, the board's decision is subject to judicial review. 45 U.S.C. § 153(q).

A plaintiff can avoid this jurisdictional requirement in a suit against his employer by filing his suit as a hybrid action. A hybrid action involves a claim against the employer for breach of the bargaining agreement and a claim against the union for breach of the duty of fair representation. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976). Because of the availability of judicial review, most cases containing claims for breach of duty of fair representation are of the hybrid nature.

There is no statute of limitations provided in the RLA for an employee's suit against his employer for breach of collective bargaining agreement or against the union for breach of the duty of fair representation. As a result, federal courts have been forced to borrow an appropriate statute of limitations. In *Del-Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 170-71, 103 S.Ct. 2281, 2293-94, 76 L.Ed.2d 476 (1983), the Supreme Court held that where an employee brought a hybrid action under the NLRA, the suit was governed by the six-month period of limitations mandated in § 10(b) of the NLRA, 29 U.S.C. § 160(b). The Court reasoned that a breach of the implied duty of fair representation is most analogous to an "unfair labor practice," which is actionable under § 10 of the NLRA. *Id.* at 170, 103 S.Ct. at 2293. The Court explained that the § 10(b) limitations period reflects the competing interests at stake in hybrid claims brought under the NLRA. *Id.* at 171, 103 S.Ct. at 2294.

The Tenth Circuit has adopted the six month limitation period for hybrid suits arising under the RLA, reasoning that the rationale in *DelCostello* applies to hybrid suits arising under the RLA as well as the NLRA. *Barnett,* 738 F.2d at 362.[1]

---

1. Virtually every circuit applies the same rule. *See, e.g., Smallakoff v. Air Line Pilots Ass'n,* 825 F.2d 1544, 1546 (11th Cir.1987) (per curiam); *Triplett v. Brotherhood of Ry., Airline & R.R. Clerks,* 801 F.2d 700, 702 (4th Cir.1986); *International Ass'n of Machinists & Aerospace Workers*

*v. Aloha Airlines, Inc.,* 790 F.2d 727, 733–34 (9th Cir.), *cert. denied,* 479 U.S. 931, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986); *Brock v. Republic Airline, Inc.,* 776 F.2d 523, 526 (5th Cir.1985); *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239, 241 (2d Cir.), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d

In the case at bar the question arises whether this six month limitation period should apply to a claim against the union for breach of its duty of fair representation when the claim is unaccompanied by a claim against the employer. The plaintiff argues that the Court should apply the two year state statute of limitations for professional negligence. Wyo.Stat. § 1–3–107 (1993). The defendant contends, however, that the six month hybrid statute of limitations should be applied. This is an issue of first impression in this circuit.

The Supreme Court has held that where Congress has not expressly provided a statute of limitations governing a particular federal statutory cause of action, the courts must apply the most " 'appropriate state statute of limitations.' " *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 60, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981) (quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975)). The plaintiff argues that *Mitchell* requires this Court to apply the state two year statute of limitations to the claim against the union. This Court is not persuaded by his argument. The *Mitchell* Court chose between two alternative state statutes of limitation to apply to an employee's claim against his employer. *Mitchell*, 451 U.S. at 64, 101 S.Ct. at 1564. *Mitchell* did not address either the question of whether a federal statute of limitations should be borrowed, or whether the state statute of limitations even applied to a claim against a union.[2] The plaintiff's reliance on *Mitchell*, therefore, is unfounded.

The plaintiff also relies upon *Garcia v. Eidal Int'l Corp.*, 808 F.2d 717, 719 (10th Cir.1986), *cert. denied*, 484 U.S. 827, 108 S.Ct. 94, 98 L.Ed.2d 55 (1987), where the Tenth Circuit adopted the rule that where an employer has repudiated all of its obligations under a bargaining agreement, including the duty to arbitrate, the most analogous state statute of limitations should apply to plaintiffs' claims to compel arbitration pursuant to § 301 of the RLA, 29 U.S.C. § 185. In *Garcia*, the court declined to comment on the applicable limitation period to the employee's claim against his union. *Id.* at 723. Therefore, *Garcia* is inapplicable in this instance.

In *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977), the Supreme Court explained that courts will not automatically apply a state statute of limitations whenever a federal statute fails to expressly provide a limitations period. " 'Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide.' " *Id.* (quoting *Johnson*, 421 U.S. at 465, 95 S.Ct. at 1722). For example, courts should not borrow a state statute of limitations when to do so would contravene federal policy. *Id.* In *DelCostello* the Supreme Court reaffirmed its holding in *Occidental* that a court must borrow express limitations periods in federal statutes when state statutes may be unsatisfactory for the enforcement of federal law. *DelCostello*, 462 U.S. at 161–62, 103 S.Ct. at 2289.

In *DelCostello*, the Supreme Court acknowledged that a state limitations period for legal malpractice was "the closest state-law analogy for the claim against the union." *Id.* at 167, 103 S.Ct. at 2292. The Court concluded, however, that "the federal policies at stake and the practicalities of litigation" make application of the NLRB six month statute of limitations for unfair labor practices more appropriate for an employee's hybrid action against his employer and his union than any parallel state law limitations period. *Id.* at 172, 103 S.Ct. at 2294. The Court explained:

> In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in set-

402 (1984); *Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188, 1194 (3d Cir.1984); *Hunt v. Missouri Pac. R.R.*, 729 F.2d 578, 581 (8th Cir.1984) (per curiam).

**2.** In fact, in *Mitchell*, the Court refused to consider an argument raised in an amicus brief con-

cerning the application of a relevant federal statute of limitations, § 10(b) of the NLRA, because no party raised the argument at any stage of the proceedings. *See Mitchell*, 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2.

ting aside what he views as an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case.... Accordingly, '[t]he need for uniformity' among procedures followed for similar claims ... as well as the clear congressional indication of the proper balance between the interests at stake, counsels the adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this.

*Id.* at 171, 103 S.Ct. at 2294 (citations omitted). The *DelCostello* reasoning applies in even stronger force where there is a suit against the union for breach of the duty of fair representation which is unaccompanied by a claim against the employer for breach of collective bargaining agreement.

First, in *DelCostello,* the Court suggested that a breach of a union's duty of fair representation was either an unfair labor practice or so resembled an unfair labor practice as to require the application of the six month statute of limitations. *Id.* at 170, 103 S.Ct. at 2293. The Court explained:

> The NLRB has consistently held that all breaches of a union's duty of fair representation are in fact unfair labor practices.... [and, even if they are not], the family resemblance is undeniable, and indeed there is substantial overlap. Many fair representation claims include allegations of discrimination based on membership status or dissident views, which would be unfair labor practices under § 8(b)(1) or (2). Aside from these clear cases, duty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all

unfair labor practice charges made by workers against unions.

*Id.* This rationale is no less applicable where the sole cause of action is breach of the union's duty of fair representation.

Second, as the Eleventh Circuit Court of Appeals suggested, "the presence of the labor law element, not just the hybrid nature of the suit, made the application of § 10(b) appropriate in *DelCostello.*" *Erkins v. United Steelworkers of America,* 723 F.2d 837, 839 (11th Cir.1984). The *Erkins* court held that the § 10(b) statute of limitations should apply where an employee brought suit against the union for breach of duty of fair representation under the NLRA. The court reasoned:

> In *DelCostello* the presence of the claim for breach of collective bargaining agreement, which alone would have been governed by a state statute of limitations for suit on a contract, counseled against adoption of the § 10(b) limitations period. The present action, involving only a fair representation claim, which the court in *DelCostello* held analogous to an unfair labor practice both in the right asserted and considerations involved, contains no purely contractual element militating against application of § 10(b)'s six-month period.

*Id.*[3] This reasoning applies in equal force to an employee's claim against his union under the RLA. It would make little sense to apply the six month statute of limitations when an employee brings a hybrid claim but to apply a two year state limitations period when the employee elects to sue only the union for breach of duty of fair representation and an even longer state limitations period when the employee elects to sue only the employer for breach of contract.[4]

---

**3.** In *Smallakoff v. Air Line Pilots Ass'n, Int'l,* the Eleventh Circuit applied the six month statute of limitations to a non-hybrid claim for breach of duty of fair representation under the RLA. 825 F.2d 1544, 1545–46 (11th Cir.1987) (citing cases from other circuits applying the NLRA statute of limitations to hybrid claims). Similarly, in *Ranieri v. United Transportation Union,* the Seventh Circuit rejected the plaintiff's claims that § 153(First)(r) of the RLA governed his suit against his union alleging breach of duty of fair representation and applied the six month period provided in § 10(b) of the NLRA. 743 F.2d 598, 600 (7th Cir.1984). *See also Johnson v. Graphic*

*Communications Int'l Union,* 930 F.2d 1178, 1181–83 (7th Cir.1991).

**4.** The Tenth Circuit has adopted the minority view that in cases in which the employer has repudiated all of its obligations under a bargaining agreement, the most analogous state statute of limitations applies. *Compare Garcia,* 808 F.2d 717; *Wyoming Laborers Health & Welfare Plan v. Morgen & Oswood,* 850 F.2d 613, 619–20 (10th Cir.1988) *with United Food & Comm'l Workers Local 100A v. John Hofmeister & Sons, Inc.,* 950 F.2d 1340, 1347 (7th Cir.1991); *Communications Workers of America v. Western Elec. Co.,* 860 F.2d 1137, 1142 (1st Cir.1988); *Associated Brick Ma-*

For these reasons, this Court holds that the NLRA § 10(b) six month statute of limitations applies to an employee's claim of breach of duty of fair representation against his union. The plaintiff admits that he became aware of the alleged breach of duty in September, 1991. Accordingly, he would have had to file suit by March, 1992. The plaintiff brought this suit almost 13 months after the statute of limitations barred his claim.

**THEREFORE, IT IS**

**ORDERED** that the defendants' motion to dismiss be, and the same hereby is, **GRANTED.**

*son Contractors, Inc. v. Harrington,* 820 F.2d 31, 38 (2d Cir.1987); *McCreedy v. Local Union No. 971, UAW,* 809 F.2d 1232, 1237 (6th Cir.1987); *Teamsters Union Local 315 v. Great Western Chem. Co.,* 781 F.2d 764, 768 (9th Cir.1986); *International Ass'n of Machinists & Aerospace Workers Local Lodge No. 1688 v. Allied Prods. Corp.,* 786 F.2d 1561, 1563 (11th Cir.1986); *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Elec. Corp.,* 736 F.2d 896, 901 (3d Cir.1984).

In Wyoming the limitations period for causes of action based on breach of contract is ten years. Wyo.Stat. § 1–3–105(a)(i) (1993).